JOHN J. MAURER, Secretary Department of Veterans Affairs
You ask whether loan status information regarding veterans receiving benefits from your department may be released to credit reporting agencies and grantors of credit. It is my opinion that your authority to do so is severely limited under current law.
As with all governmental agencies, records on file with your agency are presumed to be open to the public under the public records law. However, section 19.36 (1), Stats., provides as follows:
 Any record which is specifically exempted from disclosure by state or federal law or authorized to be exempted from disclosure by state law is exempt from disclosure under s. 19.35 (1), except that any portion of that record which contains public information is open to public inspection as provided in sub. (6).
For your question, the pertinent statute is section 45.36 which reads as follows in pertinent part:
 (5) DISCLOSURE OF MONETARY BENEFITS. The department shall disclose to any person who requests such information the amount of any grant or loan made by the department to any applicant. A person seeking such information shall be required to sign a statement setting forth his name, his address, his reason for making such request and certifying that he will not use the information obtained for commercial or political purposes.
 (6) DISCLOSURE OF OTHER INFORMATION. Except as provided in subs. (2) to (5), all files, records, reports, papers and documents pertaining to applications for benefits from the department, and information contained therein, shall only be released by the department or service office pursuant to rules of the department. Such rules must provide for the furnishing of information required for official purposes by any agency of the U.S. government, any agency of this state, any law enforcement or public welfare agency of any Wisconsin county, or by members *Page 50 
of the state senate and assembly, and will otherwise provide for release of personal information pertaining to or contained in any application for benefits, whether pending or adjudicated, only where authorized in writing by the applicants or where necessary to assist applicants in securing veterans benefits to which they may be entitled or where necessary for the efficient management of loans made by the department.
It appears that the statutory exceptions in subsections (2) to (5) are not pertinent. Therefore, pursuant to subsection (6) it is necessary to refer to department rules. The pertinent ones read as follows:
 Release of information and records. All records and papers of the department or of a county veterans service office, hereinafter in this section referred to as service office, are to be utilized in a manner to best serve the public interest, but the veteran's right of privacy as to information pertaining to his military or naval service and to confidential information contained in applications for benefits will be respected.
. . . .
 (3) RECORDS ARE CONFIDENTIAL. Records pertaining to any application for benefits, whether pending or adjudicated, will be deemed confidential and no disclosure therefrom will be made except in the circumstances and under the conditions set forth in subs. (4) through (15), and any person making application for benefits shall hereinafter be referred to as the applicant.
. . . .
 (7) DISCLOSURE OF LOAN INFORMATION. Information contained in loan files, information pertaining to action taken by the department on loan applications, or loan status information may be made available to any party having a security interest in the property securing such loans upon approval by the secretary or pursuant to rules promulgated by him.
. . . .
 (13) RELEASE OF INFORMATION TO AUTHORIZED LENDERS. All information and exhibits in the possession of the department pertaining to direct housing loan applications or direct housing loans may be released to authorized lenders servicing, closing or processing the applications or loans involved. *Page 51 
Wis. Admin. Code § VA 1.10 (emphasis added).
In summary, loan status information is made confidential by section VA 1.10 (3) and section VA 1.10 (7) and (13) are the only exceptions that have a bearing on the question you pose. However, the exceptions authorize release of loan status information only under very limited circumstances. They do not authorize release of such information to credit reporting agencies and grantors of credit, generally. Rather, under section VA 110 (7), it appears loan status information may be released to a grantor of credit only where it has a security interest in the property which secures the grantor's loan.
If you consider exercising your rulemaking authority under section 45.36 to adopt a new rule on this subject, you should be mindful of the parameters of that authority. Since a rule authorizing release to credit agencies and grantors would not fall within the authority to release information to the various specified governmental agencies and officials, it would have to qualify as a rule that:
 [W]ill otherwise provide for release of personal information pertaining to or contained in any application for benefits, whether pending or adjudicated, only where authorized in writing by the applicants or where necessary to assist applicants in securing veterans benefits to which they may be entitled or where necessary for the efficient management of loans made by the department.
If these qualifications are not acceptable, it is my opinion that the underlying rulemaking authority in section 45.36 will have to be changed.
DJH:RWL *Page 52